IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                                    PLAINTIFF

v.                                              Case No. 6:20-cv-6146

SHERIFF MIKE CASH, et al.                                                                         DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation prepared by the Honorable Barry A. Bryant, Magistrate Judge, Western District of Arkansas.  ECF No. 8.  Plaintiff has filed objections.  ECF No. 9.  The Court finds the matter ripe for consideration.

On August 14, 2020, Plaintiff filed his Complaint (ECF No.2) against all Defendants and his Motion for Leave to Proceed *in forma pauperis* ("IFP").  ECF No. 1.  On December 15, 2020, Judge Bryant ordered Plaintiff to file a complete IFP application to fix the incomplete IFP application he previously filed.  ECF No. 6.  Judge Bryant also noted that Plaintiff appeared to have three or more strikes under 28 U.S.C. § 1915(g) that would make him ineligible to proceed IFP.  *Id*.  Judge Bryant advised that Plaintiff must give reasons why § 1915(g) should not apply in any new IFP application he submitted.  *Id*.  On February 3, 2021, Plaintiff filed a completed Motion for Leave to Proceed IFP.  ECF No. 7.

On February 9, 2021, Judge Bryant issued the instant Report and Recommendation.  ECF No. 8.  He recommends that Plaintiff's Motion to Proceed IFP (ECF No. 7) be denied because Plaintiff has three or more strikes against him under § 1915(g).  ECF No. 8, p. 1-2.  Judge Bryant found nothing in Plaintiff's motion to indicate that he was in imminent danger of serious physical injury and therefore did not fit into the exception for those with three strikes under § 1915(g).  He also recommends that Plaintiff's claims be dismissed without prejudice "to Plaintiff's right to re-

open it with payment of the appropriate filing fee." *Id*. at p. 2.  On February 26, 2021, Plaintiff filed objections to Judge Bryant's recommendations.  ECF No. 9.  Plaintiff contends that his motion to proceed IFP should be granted because 28 U.S.C. § 1915(g) is unconstitutional.  *Id*.  Specifically, Plaintiff argues that the statute unconstitutionally limits a court's rightful jurisdiction and infringes on his right to due process of law under the Fifth Amendment.  *Id*. at p. 1-3.

The Court finds that Judge Bryant's reasoning is sound.  A prisoner cannot proceed IFP in any civil action if they:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Here, Plaintiff has filed or been a Plaintiff in three or more actions that were dismissed on grounds listed in § 1915(g).  *See Sherman v. Clark County*, Case No. 6:13-cv-06126 (W.D. Ark. 2013); *Sherman v. Clark Cty. Cir. Court*, Case No. 6:02-cv-06180 (W.D. Ark. 2002); *Farver v. Evans*, Case No. 2:01CV00224JMM/HLJ (E.D. Ark. 2002); *Sherman v. Correctional Medical Services*, Case No. 5:01-cv-0161 HW (E.D. Ark. 2001).  Plaintiff also fails to allege any imminent danger of serious physical injury in his IFP application and his objection simply argues that any deprivation of a constitutional right represents an imminent danger.  ECF No. 9, p. 4.  However, the imminent danger must be of a physical nature and exist at the time the complaint is filed in order to qualify as an exception to 1915(g)'s three-strike rule.  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citation omitted).

Plaintiff's objection that § 1915(g) is unconstitutional for encroaching on the Court's jurisdiction by depriving him of his First Amendment and Fifth Amendment rights is not persuasive.  "Congress had a legitimate interest in making rules governing the federal court system and a rational basis to believe the fee requirements would serve to curtail abusive prisoner tort,

civil rights, and conditions litigation." *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998). The statute is a proper limitation Congress can place on the jurisdiction of Article III courts because it "is not obligated to provide free or unlimited access to the courts." *Daker v. Jackson*, 942 F.3d 1252, 1257-58 (11th Cir. 2019) (citations omitted). The three-strikes limitation in § 1915(g) does not violate a prisoner's due process rights because "it merely prohibits him from enjoying IFP status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else." *Carson v. Johnson*, 112 F.3d 818, 812 (5th Cir. 1997); *See also Wilson v. Yaklich*, 148 F.3d 596 (6th Cir.1998) (rejecting equal protection, right of access, substantive due process, bill of attainder, and ex post facto challenges to § 1915(g)). Accordingly, the Court does not find that Plaintiff's objections to the constitutionality of § 1915(g) have merit.

For the reasons stated above, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 8) *in toto*. Plaintiff's Motion to Proceed IFP (ECF No. 7) is hereby **DENIED** and his Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**. The clerk of this court is directed to provisionally file any new action in which Plainitff seeks to proceed IFP. The Magistrate Judge shall then review the action. If it is a civil action, rather than a criminal or habeas one, and if Plaintiff has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall deny IFP status.

**IT IS SO ORDERED**, this 13th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge